NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
PETER S. LEVITT
Assistant United States Attorney
ERIN S. MELLEN
VALERIE G. PREISS
Trial Attorneys
U.S. Department of Justice, Tax Division
c/o Office of the United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6418
Erin.S.Mellen@usdoj.gov
Valerie.G.Preiss@usdoj.gov
*Attorneys for the United States*

```
____ FILED        ____ RECEIVED
____ ENTERED      ____ SERVED ON
         COUNSEL/PARTIES OF RECORD

          MAR 27 2020

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL COMPLAINT |
| Plaintiff, | Case No.  2:20-mj-234-BNW |
| vs. | VIOLATIONS: |
| TIMOTHY WILSON, | 26 U.S.C. § 7202 – Willful Failure to Pay Over Trust Fund Taxes |
| Defendant. | 26 U.S.C. § 7203 – Willful Failure to Pay Individual Income Tax |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being duly sworn, deposes and states:

### COUNT ONE
(Willful Failure to Pay Over Trust Fund Taxes)

On or about April 30, 2013, in the State and Federal District of Nevada and elsewhere,

**TIMOTHY WILSON,**

defendant, a resident of Nevada, did willfully fail to pay over to the IRS all the trust fund taxes due and owing to the United States of America on behalf of the employees of Starsmiles Children's Dentistry, for the 1st Quarter of 2013, in the amount of $12,945, all in violation of Title 26, United States Code, Section 7202.

## COUNT TWO
### (Willful Failure to Pay Over Trust Fund Taxes)

On or about July 31, 2013, in the State and Federal District of Nevada and elsewhere,

**TIMOTHY WILSON,**

defendant, a resident of Nevada, did willfully fail to pay over to the IRS all the trust fund taxes due and owing to the United States of America on behalf of the employees of Starsmiles Children's Dentistry, for the 2nd Quarter of 2013, in the amount of $1,605, all in violation of Title 26, United States Code, Section 7202.

## COUNT THREE
### (Willful Failure to Pay Individual Income Tax)

During the calendar year 2013, in the State and Federal District of Nevada and elsewhere,

**TIMOTHY WILSON,**

defendant, a resident of Nevada, had and received gross individual income, on which there was due and owing to the United States of America an individual income tax, defendant was required by law to pay, on or before April 15, 2014, $68,567 as income tax due to the IRS. Well knowing all of the foregoing, defendant willfully failed, on or about April 15, 2014, in the District of Nevada and elsewhere, to pay the income tax due on the gross income he received for 2013, all in violation of Title 26, United States Code, Section 7203.

## POINTS AND AUTHORITIES

In consideration of the existing outbreak of the coronavirus disease 19 (COVID-19), as referenced in the Court's Temporary General Order 2020-03, the United States is aware of the outbreak's effect on the seating of a quorum of grand jurors, and the uncertainty of a quorum being seated within 30 days of any arrest or summons as the result of this Criminal Complaint pursuant to the Speedy Trial Act. As a result of the outbreak, a quorum was not available to hear the presentment of indictments on March 17 or 18, 2020. The United States has been and remains prepared to present the indictment on the instant charges to the grand jury at the earliest date a quorum can be convened. But because getting a quorum is uncertain at present, and because the statute of limitations is approaching on April 15, 2020, for the listed offenses, the United States proceeds now, in part, on this Criminal Complaint.

In light of the foregoing, the United States relies upon the applicable provisions of 18 U.S.C. § 3161(b) and 26 U.S.C. § 6531(4) to toll or extend the six-year statute of limitations applicable to the tax crimes alleged herein under 26 U.S.C. §§ 7202 and 7203 in the event of a lack of a grand jury quorum to hear the presentment of the indictment as follows.

Pursuant to 18 U.S.C. § 3161(b), "If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days." The United States relies upon this tolling provision in the event an indictment cannot be presented to the grand jury within 30 days of arrest or summons. *See, e.g., United States v. Mann*, 701 F.3d 274, 284–85 (8th Cir. 2012) (finding the plain language of section 3161(b) to be unambiguous in extending the period for filing the indictment where the grand jury was not in session).

Additionally, the Internal Revenue Code contains a mechanism for extending the statute of limitations period past 30 days for the tax crimes alleged herein. Specifically, 26 U.S.C.

§ 6531 provides: "[w]here a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States." This tolling provision was upheld in *Jaben v. United States*, 381 U.S. 214 (1965). The office of the United States Commissioner was abolished in 1968 by the Federal Magistrates Act, 28 U.S.C. §§ 631 *et seq.*, and the Magistrate Judges assumed the role of the United States Commissioner.

Section 6531 "was not meant to grant the Government greater time in which to make its case," but rather "was intended to deal with the situation in which the Government has its case made within the normal limitation period but cannot obtain an indictment because of the grand jury schedule." *Jaben*, 381 U.S. at 219-20; *cf. United States v. O'Neal*, 834 F.2d 862, 865 (9th Cir. 1987) (investigation and case preparation need not cease upon filing of complaint; whether government improperly invoked extension is tested by sufficiency of the complaint at the preliminary hearing).

In recognition of the unusual circumstance the COVID-19 pandemic presents to the ability of the United States to secure an indictment next month, or even in the next several months, it relies upon the tolling provisions cited above by its timely filing of this Criminal Complaint.

## PROBABLE CAUSE AFFIDAVIT

I, Nakia McCloud, being duly sworn upon oath, do hereby depose and state the following:

1. I am a Special Agent with the Internal Revenue Service Criminal Investigation (hereinafter "IRS-CI"), Las Vegas Field Office and have been so employed since May 2011. I have experience conducting financial investigations surrounding violations of Internal Revenue Laws (Title 26, United States Code), the Bank Secrecy Act (Title 31, United States Code), the

Money Laundering Control Act (Title 18, United States Code, Sections 1956, 1957) and related offenses. I successfully completed an extensive six-month course of training including Criminal Investigator Training Program, Special Agent Basic Training, and Special Agent Investigative Training at the Federal Law Enforcement Training Center in Glynco, Georgia. The training classes covered the areas of criminal law, criminal investigative techniques, enforcement operations, and specialized training in financial investigations.

2. Prior to my employment with IRS-CI, I was employed as a Tax Compliance Officer with IRS Civil in Las Vegas, Nevada. I received my Bachelor of Science Degree in Business Administration with a major in Accounting in May 2004 from the University of Maryland University College.

3. Because this Affidavit is being submitted for the limited purpose of securing a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause for the above listed offense. The information used to support this Complaint was derived from information obtained from witnesses to the offenses described herein as well as investigation conducted by law enforcement related to the incident. This Complaint contains information necessary to support probable cause to believe that the criminal offenses described herein were committed by the defendant, TIMOTHY WILSON, and is not intended to include each and every fact and matter observed by me or known to the United States. Moreover, to the extent this Complaint contains statements by witnesses, those statements are set forth only in part in substance and are intended to accurately convey the information, but not to be verbatim recitations. All times are approximate.

## FACTS ESTABLISHING PROBABLE CAUSE

4. At all times material to this Complaint, WILSON, a dentist, was the sole owner

of Starsmiles Children's Dentistry ("Starsmiles") located in Las Vegas, Nevada. WILSON operated this business from about 2003 until 2014 when he closed the business.

5. As the owner of Starsmiles, WILSON caused trust fund taxes to be withheld from the wages paid to employees of his dental practice, Starsmiles, and reported those taxes on Forms 941, Employer's Quarterly Federal Tax Return, ("Forms 941") that were filed with the IRS.

6. Employers are required to withhold, truthfully account for, and pay over to the IRS a variety of taxes from employee wages, collectively referred to as "payroll taxes" or "trust fund taxes." They are called "trust fund taxes" because the employer is required to hold the taxes from employee wages "in trust" and pay them over to the IRS. These trust fund taxes include: federal income tax withholding ("withholding taxes") and Federal Insurance Contribution Act taxes ("FICA taxes"), as more particularly described below:

    a. Withholding taxes: In general, an employer is required to deduct and withhold federal income tax on the amount of wages that are actually or constructively paid to its employees, and pay over those withholding taxes to the IRS; and

    b. FICA taxes: The FICA tax is comprised of two elements: old-age, survivor and disability insurance, commonly referred to as "Social Security," and health insurance, commonly referred to as "Medicare." Social Security taxes are used to fund retirement and disability benefits, while Medicare taxes are used to provide health and medical benefits for the aged and disabled. An employer is required to deduct and withhold FICA taxes on the amount of wages that are actually or constructively paid to its employees, and pay over those FICA taxes to the IRS.

7. Employers use a Form 941, to report to the IRS the wages, tips, and other compensation paid to employees, the total amount of federal income tax withheld, the total amount of Social Security and Medicare taxes withheld, and the total tax deposits.

8. A person is responsible for collecting, accounting for, and paying over trust fund taxes if he or she has the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. As the sole owner of Starsmiles and a person who exercised significant control over Starsmiles' financial affairs, WILSON was a person required to collect, account for, and pay over trust fund taxes to the IRS on behalf of Starsmiles.

10. In 2015, IRS-CI identified WILSON as a subject of an investigation because he had failed to pay over trust fund taxes due to the IRS for 1st Quarter and 2nd Quarter of 2013 and failed to pay his personal income tax for 2013.

11. According to bank records, business records, witness statements, and IRS records, WILSON did cause the trust fund taxes to be withheld from the employee's wages; however, in the first two quarters of 2013, he failed to pay those withheld taxes to the IRS. Instead, WILSON spent the funds on personal expenditures.

12. In 2007, Starsmiles engaged The Payroll Company ("TPC") to provide tax preparation services, including paying federal tax deposits to the IRS. Starsmiles was responsible for submitting employee payroll hours to TPC on a bi-weekly basis.

13. Starting in 2011, TPC no longer made payments to the IRS on behalf of Starsmiles. TPC continued to generate the Forms 941, but did not file the form with the IRS.

14. In 2010, WILSON hired Certified Public Accountant Julie Clifford ("Clifford") as his tax preparer in 2010. Clifford prepared WILSON's 2013 Form 1040, Individual Federal Income Tax Return ("Form 1040").

15.     On September 17, 2013, WILSON and Clifford met with Revenue Officer Ernie Capone about unpaid employment taxes for 2013. Capone discussed with WILSON his failure to timely file federal tax deposits for the amounts of wages paid and withheld from Starsmiles employees. WILSON signed a report of interview Form 4180 attesting that he had knowledge of unpaid trust fund taxes and indicated that he was the responsible party.

16.     Based on the meeting, Clifford tried to get WILSON on a payment plan which would have made WILSON and Starsmiles compliant within five years, but WILSON did not follow the suggested changes.

17.     WILSON was required to file his 2013 Form 1040, on or before April 15, 2014. WILSON filed his return indicating an income of $257,784 and a tax due of $69,199. He did not submit payment at that time or any time subsequent.

18.     A query of the IRS database revealed WILSON failed to pay over to the IRS all of the trust fund taxes due and owing, despite withholding the trust fund taxes from the wages of Starsmiles employees for the 1st Quarter of 2013 in the amount of $12,945.

19.     A query of the IRS database revealed WILSON failed to pay over to the IRS all of the trust fund taxes due and owing despite withholding the trust fund taxes from the wages of Starsmiles employees for the 2nd Quarter of 2013 in the amount of $1,605.

20.     A query of the IRS database revealed WILSON also failed to pay over to the IRS all of the income taxes due and owing on wages earned in 2013 in the amount of $68,567.

21.     Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that TIMOTHY WILSON violated Title 26, United States Code, Section 7202 (Willful Failure to Pay Over Trust Fund Taxes Due) for 1st and 2nd Quarters of 2013, and Title 26, United States Code, Section 7203 (Willful Failure to Pay Income Tax) for personal income taxes for 2013, in the District of Nevada.

I swear, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted,

*Nakia McCloud*

Nakia McCloud
Special Agent
Internal Revenue Service
Criminal Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 27th day of March, 2020.

_____
HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE